## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

The Estate of MICHAELANGELO JACKSON, deceased; The Estate of MAKIAH JACKSON, deceased; ALISHA JACKSON in her capacity as the Personal Representative of the Estates of MICHAELANGELO JACKSON and MAKIAH JACKSON; LAKENDRA GARDNER; Z.G., through his next of friend DENISE LASALLE GARDNER; I.W., through his next of friend KEIRA ANDREWS; and D.A., through his next of friend TIFFANY HILL;

Case No.

Hon.

*Plaintiffs*,

v.

RICHARD BILLINGSLEA, in his individual and official capacities; STEVEN FULTZ, in his individual and official capacities; HAKEEM PATTERSON, in his individual and official capacities; JOHN DOE SUPERVISORS 1-10, individually and in their official supervisory capacities; and the CITY OF DETROIT, a political subdivision of the State of Michigan;

*Defendants*.

_____/

Solomon M. Radner (P73653)
EXCOLO LAW, PLLC
Attorneys for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9719
sradner@excololaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1

NOW COME the Plaintiffs, the Estate of MICHAELANGELO JACKSON, deceased; the Estate of MAKIAH JACKSON, deceased; ALISHA JACKSON in her capacity as the Personal Representative of the Estates of MICHAELANGELO JACKSON and MAKIAH JACKSON; LAKENDRA GARDNER; Z.G., through his next of friend DENISE LASALLE GARDNER; I.W., through his next of friend KEIRA ANDREWS; and D.A., through his next of friend TIFFANY HILL, by and through their attorneys, SOLOMON M. RADNER and EXCOLO LAW, PLLC, and file their Complaint against the Defendants in this civil action, stating unto this court as follows:

1. This is an action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants, RICHARD BILLINGSLEA ("BILLINGSLEA"), in his individual and official capacities; STEVEN FULTZ ("FULTZ"), in his individual and official capacities; HAKEEM PATTERSON ("PATTERSON"), in his individual and official capacities; JOHN DOE SUPERVISORS 1-10, in their individual and official capacities; and the CITY OF DETROIT, a municipal corporation.

2. This Court has original jurisdiction over Plaintiffs' claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

4.      The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States District Court for the Eastern District of Michigan.

5.      Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) and based on the situs of the incident, which occurred in the CITY OF DETROIT.

6.      At all pertinent times Plaintiffs, the Estate of MICHAELANGELO JACKSON, deceased; the Estate of MAKIAH JACKSON, deceased; ALISHA JACKSON, in her capacity as the Personal Representative of the Estates of MICHAELANGELO JACKSON and MAKIAH JACKSON; LAKENDRA GARDNER; Z.G., through his next of friend DENISE LASALLE GARDNER; I.W., through his next of friend KEIRA ANDREWS; and D.A., through his next of friend TIFFANY HILL, were all United States citizens.

7.      At all pertinent times, Defendants, RICHARD BILLINGSLEA, STEVEN FULTZ, and HAKEEM PATTERSON, were employed as officers by the Detroit Police Department ("DPD"), a department of the CITY OF DETROIT ("DETROIT"), and were acting under color of law.

8.     At all pertinent times, DETROIT was a municipal corporation formed under the laws of the State of Michigan, and was the employer of BILLINGSLEA, FULTZ, and PATTERSON.

9.     Defendant DETROIT is a governmental entity in the State of Michigan and operates the DPD. Defendant DETROIT is responsible for the policies, practices, customs, and procedures of the DPD, for the training and supervision of the police officers of the DPD, including the training and supervision of the individually named Defendant Officers, and for those acts committed pursuant to the training, supervision, policies, practices, customs, and procedures that deprived Plaintiffs of their fundamental constitutional rights as set forth in this Complaint.

10.    The individual Defendants named in this Complaint will herein be referred to as the individually named Defendant Officers. Upon information and belief, all the individually named Defendant Officers are citizens of the United States and are DPD police officers. Furthermore, at all times relevant to this action these Defendants were acting under the color of law and were acting within the course and scope of their employment with DETROIT.

11.    Defendants JOHN DOE SUPERVISORS 1-10, are the individuals tasked with supervising each of the Defendant Officers named herein, and will be referred to as "Defendant Supervisors." Upon information and belief, all of the

4

Defendant Supervisors are citizens of the United States. Furthermore, at all times relevant to this action these Defendants were acting under the color of law and were acting within the course and scope of their employment with DETROIT and the DPD. As the Chief of Police and related supervisors, Defendant Supervisors were responsible for establishing and enforcing constitutionally permissible duties, conduct, and discipline of officers and other employees of the DPD.

## GENERAL ALLEGATIONS

12. On June 24, 2015, MAKIAH JACKSON, three-years-old, and her brother MICHAELANGELO JACKSON, six-years-old, were playing in the front yard of their home in the Nottingham neighborhood of Detroit. At this time, Z.G., eight-years-old; LAKENDRA HILL, twenty-three years old; I.W., five-years-old; and D.A., three-years-old, were playing at the side of a home nearly a full block away from the Jackson children.

13. Meanwhile, Defendant Officers, who made up the Special Operations Scout 5-36 crew, were patrolling Detroit's east side in a fully marked police cruiser.

14. Despite being "Special Operations Scouts," Defendant Officers' vehicle allegedly did not have a functioning dashboard video camera.

15. Defendant Officers approached the corner of Chatsworth and Munich when they observed a red Camaro vehicle with two occupants going westbound on

Munich while traveling at a slow rate of speed.

16. Defendant FULTZ allegedly witnessed one of the vehicle occupants brandishing a black, semiautomatic handgun, which he immediately reported to Defendant BILLINGSLEA, the police cruiser's driver.

17. The red Camaro then allegedly took off at a high rate of speed, which prompted Defendant Officers to allegedly activate the police cruiser's lights and sirens.

18. According to Defendant Officers, they pursued the red Camaro after it took off at a high speed and after they activated the police cruiser's lights and sirens. Defendant Officers estimated the red Camaro was traveling at over 100 miles per hour ("mph"). Data collected from the red Camaro's vehicle computer confirmed that the vehicle was traveling over 100mph.

19. Defendant BILLINGSLEA reported that he continued to pursue the red Camaro until Defendant Officers lost sight of the vehicle and slowed down to terminate the chase as they approached E. Warren Ave.

20. Defendant Officers' reported distance from the red Camaro is inconsistent with eye-witness testimony which reported Defendant Officers trailing the red Camaro by only a few hundred feet.

21. Upon information and belief, Defendant Officers maintained their short distance as they chased the red Camaro into the heavily populated

neighborhood of Nottingham.

22. Defendant FULTZ allegedly tried to notify police dispatch, via department radio, to advise that they were terminating the chase. However, dispatch audio obtained from the chase makes no mention of terminating the chase.

23. Additional eye-witness testimony suggests the Defendant Officers were so close to the red Camaro, which was traveling over 100 miles per hour through the Nottingham neighborhood, that Defendant Officers' police cruiser bumped the rear of the red Camaro and caused it to spin out of control.

24. Defendant Officers seemed to have attempted an official DPD maneuver called a "Precision Immobilization Technique," which forces a fleeing vehicle to abruptly turn sideways – causing the driver to lose control and come to a stop. However, using such an immobilization technique in a densely populated residential neighborhood while travelling over 100mph poses several inherent safety hazards.

25. As a direct and proximate result of Defendant Officers' deliberate indifference to the risk their pursuit posed to the public, the Camaro was successfully stopped – only to spin out of control and strike Plaintiffs MICHAELANGELO JACKSON and MAKIAH JACKSON.

26. The red Camaro continued to spinout of control after striking, and killing, MAKIAH JACKSON and MICHAELANGELO JACKSON.

27.    The red Camaro continued to careen down the street until striking a minivan nearly a block away.

28.    On the other side of the minivan were Plaintiffs Z.G., LAKENDRA HILL, I. W., and D.A..

29.    The red Camaro impacted the minivan with such force that it pushed the minivan into Plaintiffs Z.G., LAKENDRA HILL, I. W., and D.A., inflicting serious injuries upon each of them.

30.    Z.G. was so severely injured that he was flown to a hospital in Ann Arbor after his lungs had collapsed.

31.    Defendants BILLINGSLEA and PATTERSON then chased the Camaro's driver through backyards and fields until eventually catching him four blocks away. After catching the suspect, the gun which Defendant FULTZ reported seeing – and which caused the police chase – was not found.

32.    Defendant Officers, as sworn police officers, had taken an oath, the Law Enforcement Code of Ethics, that stated, in pertinent part: "*As a sworn police officer, <u>my fundamental duty is to serve the community; to safeguard lives</u> and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality and justice.*"

33.    Defendant Officers conduct proved inconsistent with the Law Enforcement

Code of Ethics, as their deliberate indifference to Plaintiffs MICHAELANGELO JACKSON and MAKIAH JACKSON's constitutional rights proximately caused their tragic and untimely deaths.

34. Defendant Officers' deliberate indifference to Plaintiffs Z.G., LAKENDRA HILL, I. W., and D.A., proximately caused their critical injuries.

35. Defendant Officers, unreasonably and unlawfully pursued the red Camaro at highly unreasonable and dangerous speeds through a densely populated residential neighborhood.

36. Regarding police pursuits, DPD policy states that: "*Members involved in a pursuit must question whether the seriousness of the violation warrants continuation of the pursuit. <u>A pursuit shall be discontinued when, in the judgment of the primary unit, there is a clear and present danger to the public which outweighs the need for immediate apprehension of the violator.</u>*" Further, DPD vehicle pursuit policy further states that: "*Officers must keep in mind that a vehicle pursuit has the same potential for serious injury or death as the use of fatal force ... <u>Officers must place the protection of human life above all other considerations.</u>*"

37. In reckless and/or deliberate disregard to DPD pursuit policy, the Defendant Officers pursued the red Camaro through a densely populated residential neighborhood at high speeds, thereby causing the Camaro to spin out of

control and proximately and/or directly causing Plaintiffs' injuries and deaths.

38. Had Defendant Officers discontinued their pursuit, Plaintiffs MICHAELANGELO JACKSON and MAKIAH JACKSON would not have died.

39. Had Defendant Officers discontinued their pursuit, Plaintiffs Z.G., LAKENDRA HILL, I. W., and D.A., would not have suffered critical injuries.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (MUNICIPAL LIABILITY)

### (Against the City of Detroit)

40. Plaintiffs incorporate herein all the prior allegations.

41. The conduct of DETROIT and the DPD violated 42 U.S.C. § 1983.

42. DETROIT and the DPD had an obligation to train its police officers, Defendant Officers, regarding the constitutional rights of citizens to due process, how those rights are protected, and how those rights are violated.

43. DETROIT and the DPD had an obligation to supervise their police officers to ensure that the constitutional rights of citizens were not violated.

44. DETROIT and the DPD had an obligation to train their police officers regarding proper dealing with individuals during vehicle pursuits.

45. DETROIT and the DPD failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the

constitutional rights of Detroit residents by police officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation of those constitutional rights and regarding proper dealing during vehicle pursuits. The individually named Defendants acted in accordance with that policy and/or custom of the DPD, and the policy and/or DPD's failure to enforce the police and/or customs was the driving force behind the violation of Plaintiffs' constitutional rights.

46. By inadequately training and/or supervising their police officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, DETROIT and the DPD encouraged and cultivated the conduct which violated Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of Defendants' violation of Plaintiffs' constitutionally-protected rights, Plaintiffs have suffered and will continue to suffer damages into the future, including but not limited to:

   a. Conscious physical pain and suffering endured by MICHAELANGELO JACKSON and MAKIAH JACKSON during the time between their injury and death;

11

b. Conscious physical pain and suffering endured by Z.G., LAKENDRA HILL, I. W., and D.A., after they were struck by the minivan and/or Camaro.

c. Medical and hospital expenses;

d. Funeral and burial expenses;

e. Loss of financial support and/or future support from MICHAELANGELO JACKSON and MAKIAH JACKSON;

f. Loss of society and companionship of MICHAELANGELO JACKSON and MAKIAH JACKSON;

g. Death;

h. Loss of service;

i. Loss of gifts and/or other valuable gratuities;

j. Economic damages;

k. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

l. Any other damages allowed by law.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AND FOURTEENTH AMENDMENTS – SUPERVISORY VIOLATIONS)

### (Against the Defendant Supervisors)

48.    Plaintiffs incorporate herein all the prior allegations.

49.   Defendant Supervisors were acting under the color of law in their actions and/or omissions at all times relevant to this action.

50.   Defendant Supervisors were acting in the capacity of supervisors of and to the DPD and its police officers. As supervisors, Defendant Supervisors were responsible for the training, instruction, supervision, discipline, and control of the Defendant Officers who unlawfully violated Plaintiffs' constitutional rights; caused MICHAELANGELO JACKSON and MAKIAH JACKSON's untimely deaths; and caused Z.G., LAKENDRA HILL, I. W., and D.A.'s injuries.

51.   Upon information and belief, Defendant Supervisors received complaints about the conduct of the officers with the DPD, including the Defendant Officers who unlawfully violated Plaintiffs' constitutional rights, or in the exercise of due diligence would have perceived that the Defendant Officers had exhibited conduct or disciplinary problems that posed a pervasive and unreasonable risk of harm to citizens like Plaintiffs.

52.   Defendant Supervisors knew, or in the exercise of due diligence would have known, that the conduct displayed by their officers was likely to violate the constitutional rights of citizens like Plaintiffs.

53.   Defendant Supervisors failed to take any preventative or remedial measures to guard against the conduct of their officers. The failure of Defendant

Supervisors amounted to gross negligence, deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiffs. Defendant Supervisors failed to train, instruct, supervise, or discipline the officers of the DPD, and said failures caused Plaintiffs' untimely deaths, injuries, and damages.

54.    As a direct and proximate result of the Defendant Supervisors' willful violation of Plaintiffs' constitutionally-protected rights, Plaintiffs have suffered and will continue to suffer damage into the future, including, but not limited to:

   a.  Conscious physical pain and suffering endured by MICHAELANGELO JACKSON and MAKIAH JACKSON during the time between their injury and death;

   b.  Conscious physical pain and suffering endured by Z.G., LAKENDRA HILL, I. W., and D.A., after they were struck by the minivan and/or Camaro.

   c.  Medical and hospital expenses;

   d.  Funeral and burial expenses;

   e.  Loss of financial support and/or future support from MICHAELANGELO JACKSON and MAKIAH JACKSON;

14

f.  Loss of society and companionship of MICHAELANGELO JACKSON and MAKIAH JACKSON;

g.  Death;

h.  Loss of service;

i.  Loss of gifts and/or other valuable gratuities;

j.  Economic damages;

k.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

l.  Any other damages allowed by law.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE)

### (Against the Individual Defendant Officers)

55.  Plaintiffs incorporate herein all the prior allegations.

56.  The above-described deliberate and/or reckless conduct of Defendants was without legal justification.

57.  At all times relevant, Plaintiffs had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including their right to personal safety and bodily integrity, as well as protection from unlawful

15

seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

58.    At all times relevant, as police officers acting under color of law, the individually named Defendant Officers were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments of the United States Constitution.

59.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendant Officers employed unnecessary, unreasonable, and excessive force when pursuing a criminal suspect which proximately resulted in Plaintiffs MICHAELANGELO JACKSON and MAKIAH JACKSON's untimely death; and caused Z.G., LAKENDRA HILL, I. W., and D.A.'s injuries.

60.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendant Officers failed to act to prevent the use of unnecessary, unreasonable, and excessive force which proximately resulted in Plaintiffs MICHAELANGELO JACKSON and

MAKIAH JACKSON's untimely death; and caused Z.G., LAKENDRA HILL, I. W., and D.A.'s injuries.

61.    Pursuant to 42 U.S.C. §§ 1983 and 1988, the individually named Defendant Officers are liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

62.    The conduct of Defendant Officers was and remains extreme and outrageous subjecting Defendants to punitive damages.

63.    As a direct and proximate result of the individually named Defendant Officers' willful violation of Plaintiffs' constitutionally-protected rights, Plaintiffs have suffered and will continue to suffer damage into the future, including, but not limited to:

    a.  Conscious physical pain and suffering endured by MICHAELANGELO JACKSON and MAKIAH JACKSON during the time between their injury and death;

b. Conscious physical pain and suffering endured by Z.G., LAKENDRA HILL, I. W., and D.A.'s after they were struck by the minivan and/or Camaro.

c. Medical and hospital expenses;

d. Funeral and burial expenses;

e. Loss of financial support and/or future support from MICHAELANGELO JACKSON and MAKIAH JACKSON;

f. Loss of society and companionship of MICHAELANGELO JACKSON and MAKIAH JACKSON;

g. Death;

h. Loss of service;

i. Loss of gifts and/or other valuable gratuities;

j. Economic damages;

k. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

l. Any other damages allowed by law.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTEENTH AMENDMENT - STATE CREATED DANGER)

### (Against the Individual Defendant Officers)

64. Plaintiffs incorporate herein all the prior allegations.

65.   Defendant Officers, at all times relevant, were acting under the color of law in their individual and official capacities as police officers, and their acts and/or omissions were conducted within the scope of their official duties and employment.

66.   Plaintiffs have a clearly established Constitutional right under the Fourteenth Amendment, such that the state may not deprive a person of life, liberty or property without due process of law.

67.   Defendants, while acting under color of state law, each acted to expose Plaintiffs to an unreasonable risk of harm – resulting in MICHAELANGELO JACKSON and MAKIAH JACKSON's untimely deaths; and Z.G., LAKENDRA HILL, I. W., and D.A.'s injuries.

68.   Defendant Officers' actions and/or omissions, with regard to conducting a high-speed police chase through a heavily populated residential neighborhood, were objectively unreasonable in light of the facts and circumstances confronting them, and therefore violated the Fourteenth Amendment rights of Plaintiffs.

69.   Defendant Officers' actions and/or omissions were reckless, callous, and/or deliberately indifferent to Plaintiffs' constitutionally protected rights. These actions and/or omissions shock the conscious and violated the Fourteenth Amendment rights of Plaintiffs.

70.   Defendant Officers acted with a deliberate indifference to a known and/or obvious danger.

71.   Defendant Officers created and/or increased the danger facing Plaintiffs.

72.   Defendant Officers' actions constituted gross negligence, because they were so reckless as to demonstrate a substantial lack of concern for whether an injury would result.

73.   As a direct and proximate result of the individually named Defendant Officers' willful violation of Plaintiffs' constitutionally-protected rights, Plaintiffs have suffered and will continue to suffer damage into the future, including, but not limited to:

   a. Conscious physical pain and suffering endured by MICHAELANGELO JACKSON and MAKIAH JACKSON during the time between their injury and death;

   b. Conscious physical pain and suffering endured by Z.G., LAKENDRA HILL, I. W., and D.A., after they were struck by the minivan and/or Camaro.

   c. Medical and hospital expenses;

   d. Funeral and burial expenses;

   e. Loss of financial support and/or future support from MICHAELANGELO JACKSON and MAKIAH JACKSON;

f.  Loss of society and companionship of MICHAELANGELO JACKSON and MAKIAH JACKSON;

g.  Death;

h.  Loss of service;

i.  Loss of gifts and/or other valuable gratuities;

j.  Economic damages;

k.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

l.  Any other damages allowed by law.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – FAILURE TO INTERVENE)

### (Against the Individual Defendant Officers)

74.  Plaintiffs incorporate herein all the prior allegations.

75.  Each Defendant Officer had a duty to intervene when other Defendant Officers were violating Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, which in effect, resulted in Plaintiffs MICHAELANGELO JACKSON and MAKIAH JACKSON's untimely death; and Z.G., LAKENDRA HILL, I. W., and D.A.'s injuries.

76. Defendant Officers observed and/or had reason to know that excessive force amounting to a constitutional violation of Plaintiffs' rights was inevitable when they pursued a criminal suspect at over 100mph in a heavily populated residential neighborhood without a legitimate goal and/or justification.

77. Defendant Officers had the opportunity and means to prevent the excessive force and punishment and/or violation of Plaintiffs' rights from occurring.

78. Defendant Officers were acting with deliberate indifference to the above described acts which were inevitably inflicted upon Plaintiffs, and as such, were the proximate cause of Plaintiffs MICHAELANGELO JACKSON and MAKIAH JACKSON's untimely death; and Z.G., LAKENDRA HILL, I. W., and D.A.'s injuries.

79. The foregoing conduct by Defendant Officers itself amounted to a constitutional violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

80. As a direct and proximate result of the individually named Defendant Officers' willful violation of Plaintiffs' constitutionally-protected rights, Plaintiffs have suffered and will continue to suffer damage into the future, including but not limited to:

a. Conscious    physical    pain    and    suffering    endured    by MICHAELANGELO JACKSON and MAKIAH JACKSON during the time between their injury and death;

b. Conscious physical pain and suffering endured by Z.G., LAKENDRA HILL, I. W., and D.A., after they were struck by the minivan and/or Camaro.

c. Medical and hospital expenses;

d. Funeral and burial expenses;

e. Loss    of    financial    support    and/or    future    support    from MICHAELANGELO JACKSON and MAKIAH JACKSON;

f. Loss    of    society    and    companionship    of    MICHAELANGELO JACKSON and MAKIAH JACKSON;

g. Death;

h. Loss of service;

i. Loss of gifts and/or other valuable gratuities;

j. Economic damages;

k. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

l. Any other damages allowed by law.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## **JURY DEMAND**

Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 2, 2018

Respectfully submitted,

EXCOLO LAW, PLLC

By:   */S/ Solomon M. Radner*
      SOLOMON M. RADNER (20195)
      *Attorney for Plaintiffs*
      26700 Lahser Road, Suite 401
      Southfield, MI 48033
      866.939.2656
      sradner@excololaw.com