UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| The Estate of Michaelangelo A. Jackson, deceased, et al., <br><br> Plaintiffs, <br> v. <br><br> Richard Billingslea, et al., <br><br> Defendants. | Case No. 18-10400 <br> Honorable Victoria A. Roberts |

# ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXPERT [ECF No. 26]

Before the Court is Plaintiffs' motion to strike Defendants' expert, Dr. Jerome Eck ("Eck"). For the reasons explained, the Court **DENIES** the motion to strike.

## BACKGROUND

This case involves claims pursuant to 42 U.S.C. § § 1983 and 1988 and the Fourth and Fourteenth Amendments of the United States Constitution for municipal liability, failure to train and supervise police officers, excessive force, state-created danger, and failure to intervene.

1

Plaintiffs allege Defendants caused death and injury; their decedents were struck by a car being chased by the Detroit Police.

On February 12, 2019, the Court held an unsuccessful settlement conference. The parties and counsel discussed the need for expert discovery. The Court set these deadlines: (1) Defendants to file an expert report of Eck by February 20, 2019; (2) Plaintiffs to disclose their expert and file expert report by March 26, 2019; and (3) expert depositions completed by May 1, 2019.

The Court held a telephone conference to discuss discovery issues and ordered Eck to produce IRS 1099 forms issued to him, his company, and any company he rendered an expert opinion for in the last five years. Eck filed a Motion for Protective Order and Defendants filed a Motion for Reconsideration and Protective Order. Plaintiffs filed a Motion to Strike Defendants' Expert.

**MOTION TO STRIKE DEFENDANTS' EXPERT AND RESPONSE**

Plaintiffs seek to strike Eck as a sanction under Fed. R. Civ. P. 37(b). Plaintiffs argue Eck refused to comply with the Court's order and delayed answering Plaintiffs' expert discovery requests. Defendants argue Plaintiffs

2

request a "death penalty" sanction: a "litigation-ending sanction." *The Law Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019).

## ANALYSIS

### I. RULE 37 SANCTION TO STRIKE ECK AS AN EXPERT IS TOO DRASTIC

Fed. R. Civ. P. 37(b) allows courts to impose sanctions on parties for failing to comply with a court discovery order. The Sixth Circuit considers four factors before imposing Rule 37 sanctions:

(1) Whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to a sanction; and (4) regarding dismissal, whether less drastic sanctions were considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

First, the Court finds Defendants did not act willfully or in bad faith. There is no "clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis* 636, F.2d, 159, 161 (6th Cir. 1980). Unlike *Carter* and *Freeland*, to cancel a deposition after filing a motion for a protective order is not "contumacious conduct." *E.g., Freeland*, 103 F.3d at 1277-8.

Plaintiffs argue that Defendants delayed discovery when Eck avoided service of the subpoena for his deposition four times and when Defendants waited until only days before the deposition to challenge Plaintiffs' subpoena. The Court disagrees. Rule 37(b)(2)(A) allows discovery sanctions for violations committed by parties—not by non-parties. *See Powell v. State Farm Mutual Automobile Insurance Co.*, No. 11-11280, 2012 WL 12930351, at *2 (E.D. Mich. 2012). The record does not indicate that Defendants had control over Eck or that they were responsible for his failure to be served. It would be improper to sanction Defendants if Eck—on his own—evaded service.

Second, the Court finds that Plaintiffs are not prejudiced. Defendants complied with all court rules pursuant to Rule 26(a)(2)(B). And there is no finding that Plaintiffs cannot prepare the case for trial by November 12, 2019. *Carter*, 636 F.2d at 161.

Third, "because [Plaintiffs] did not previously raise these issues with the Court before filing their motion to strike, [Defendants] never received warnings from the Court 'that failure to cooperate could lead to the sanction.'" *Brooks v. Skinner*, No. 1:14-cv-412, 2015 WL 6964679, at *3 (S.D. Ohio 2015) (citing *Freeland*, 103 F.3d at 1277).

While the fourth factor regards the potential for dismissal, if the Court strikes Eck as an expert, the "litigation-ending sanction" the Plaintiffs request would be the potential for a default judgment against Defendants. The Court is not prepared to open the door to that.

Accordingly, the Court will not impose a Rule 37 sanction.

## II. RULE 37(d)(2) EXCUSES A PARTY'S FAILURE TO ACT WHEN THERE IS A PENDING MOTION FOR PROTECTIVE ORDER

Plaintiffs state that "the act of filing a motion does not excuse a movant from prior obligations to the court." *Convertino v. U.S. Dept. of Justice*, 260 F.R.D., 678, 681 (E.D. Mich. 2008) (citing *Pioche Mines Consolidated v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)).

The Court disagrees. Fed. R. Civ. P. 37(d)(2) states that "a failure [to act] . . . is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Defendants and Eck filed motions for protective orders on April 26, 2019 and notified Plaintiffs to cancel the deposition scheduled for April 30, 2019. Because Defendants and Eck have pending motions for protective orders, they are excused for cancelling the scheduled deposition.

## III. DEFENDANTS NONCOMPLIANCE WITH RULE 26(a)(2)(B) WAS ALREADY ADDRESSED BY THE COURT THROUGH A PREVIOUS ORDER

Plaintiffs say Defendants should be sanctioned for not complying with Rule 26(a)(2)(B) because the expert report did not include a statement of compensation. Defendants provided Eck Engineering's Fee Schedule with the standard fees and billing practices for Eck Engineering's services.

The Court already addressed this issue by ordering Eck to produce IRS 1099 tax forms issued to him, his Engineering, LLC, and any company he rendered an expert opinion on in the last five years.

## **CONCLUSION**

The Court **DENIES** Plaintiffs' Motion to Strike Defendants' Expert.

**IT IS ORDERED.**

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Date: July 1, 2019