UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| The Estate of Michaelangelo A. Jackson, deceased, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Richard Billingslea, et al., <br><br> Defendants. | Case No. 18-10400 <br> Honorable Victoria A. Roberts |

# ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 27]

Lorenzo DeJuan Harris ("Harris") led police officers on a car chase before he crashed into a residential neighborhood killing and injuring children playing outside. Plaintiffs represent these children. They bring claims against the officers, City of Detroit, and unnamed supervisors.

Plaintiffs allege state created danger, excessive force, failure to intervene, municipal liability, and supervisory liability. But—because they fail to create genuine issues of fact to establish essential elements for each claim—the Court **GRANTS** Defendants' Motion for Summary Judgment.

## I. BACKGROUND

On June 25, 2015, Detroit Police Department's ("DPD") officers Richard Billingslea ("Billingslea"), Hakeem Patterson ("Patterson"), and Steven Fultz ("Fultz") patrolled in a marked scout car. Billingslea drove; Fultz was the front passenger; Patterson sat in the rear. The scout car was not equipped with a camera or working radio.

Harris drove a red Chevrolet Camaro westbound on Munich and Chatworth. Fultz saw Harris holding a black semi-automatic handgun while driving. Fultz alerted Billingslea and Patterson and then called dispatch. Billingslea activated lights and sirens and drove towards Harris; Harris fled and rapidly drove the Camaro northbound on Nottingham and E. Warren.

After losing sight of the Camaro, the officers discontinued the search. However, when they saw a dust/smoke cloud on Nottingham and E. Warren they drove towards it.

By then the Camaro had crashed in a residential neighborhood on Nottingham, killing three-year-old Makiah Jackson and six-year-old Michaelangelo Jackson. The crash also injured Plaintiffs Lakendra Gardner, Z.G., I.W., and D.A.

The parties agree that: (1) the officers discontinued the car chase after they lost sight of the Camaro, and (2) no gun was found. However, the parties disagree about whether the scout car hit the Camaro causing it to crash. Defendants say the scout car never contacted the Camaro; Plaintiffs say it did.

Now, Plaintiffs bring this case pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution for state created danger, excessive force, failure to intervene, municipal liability, and supervisory liability. Defendants filed a Motion for Summary Judgment.

Plaintiffs also have a case pending in Wayne County Circuit Court alleging these same facts against the officers for negligence, and claims against the City of Detroit, for negligence, owner liability, and vicarious liability.

## II. LEGAL STANDARD

The party moving for summary judgment has the initial burden to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is an issue of material fact "if the evidence is such that a reasonable jury could return a verdict for

3

the nonmoving party." *Anderson v. Liberty Lobby*, *Inc.,* 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Summary judgment should not be granted if the nonmoving party presents evidence to show a genuine issue of material fact. Fed. R. Civ. P. 56. The nonmoving party's evidence must be viewed in the light most favorable to it. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III. ANALYSIS

All of Plaintiffs' claims arise under 42 U.S.C. § 1983. That statute allows individuals to bring federal claims against state actors who deprive them ". . . of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C.A. § 1983 (West 1996).

### A. Plaintiffs Do Not Allege A "Specific Danger" To Sustain A State Created Danger Claim

Plaintiffs bring a § 1983 state created danger claim. They say the officers exposed them to an unreasonable risk of harm when they conducted a high-speed car chase in a residential neighborhood. Plaintiffs

4

allege that the children killed and injured were a discrete group of individuals who were far more vulnerable to harm, and consequently were deprived of life, liberty, or property without due process of law.

Defendants say if anything, the car chase created danger to the public at large; it did not specifically create danger to Plaintiffs.

Absent a special relationship, "a State's failure to protect an individual against private acts, or other mishaps not attributable to the conduct of its employees," is not a violation of the Fourteenth Amendment's Due Process Clause. *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 812 F.2d 298, 301 (7th Cir. 1987), *aff'd* 489 U.S. 189 (1989) (finding that the State had no constitutional duty to protect a child from his father after receiving reports of alleged child abuse).

There are two exceptions to this rule. First, a state has a duty to protect when it takes an individual into custody and against his will. *Id.* at 199-200. The Sixth Circuit defined custody as "intentional application of physical force and show of authority made with the intent of acquiring physical control." *Cartwright v. City of Marine City*, 336 F.3d 487, 492-93 (6th Cir. 2003) (quoting *Ewolski v. City of Brunswick*, 287 F.3d 492, 506 (6th Cir. 2002)).

Plaintiffs do not claim this exception applies. Rather, they invoke the second exception, which provides that a state has a duty to protect when ". . . the state does anything to render an individual more vulnerable to danger." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1065 (6th Cir. 1994) (citing *DeShaney*, 489 U.S. at 201). States that create a "special danger" to citizens have a "duty to protect citizens from that risk." *Jones v. Reynolds*, 428 F.3d 685, 690 (6th Cir. 2006) (quoting *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)).

To sustain a state created danger claim Plaintiffs must show:

> (1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff.

*Cartwright*, 336 F.3d at 493.

The Sixth Circuit stated, "in the only cases where we have recognized a 'state created danger,' the government could have specified whom it was putting at risk, nearly to the point of naming the possible victim or victims." *Jones*, 438 F.3d at 696.

6

Plaintiffs fail to satisfy this "demanding standard for constitutional liability." *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 913 (6th Cir. 1995). No evidence suggests the officers knew Harris would drive the Camaro to the Nottingham neighborhood and crash. The crash could have occurred in any neighborhood, on any street. Moreover, before the crash, the officers never interacted with Plaintiffs or had knowledge of their residence.

Because Plaintiffs cannot demonstrate the officers placed them specifically at risk *Cartwright*, 336 F.3d at 493., all other facts are immaterial. *Celotex*, 477 U.S. at 323. The Court concludes that Plaintiffs' state created danger claim is without merit.

### B. Plaintiffs' Excessive Force, Failure To Intervene, And Municipal Liability Claims Lack Evidentiary Support

The Court finds no evidentiary support in Plaintiffs' excessive force, failure to intervene, and municipal liability claims.

For starters, Plaintiffs rely on Harris' unsworn and unnotarized affidavit to prove that the officers hit the Camaro causing Harris to lose control and crash. But Harris' affidavit does not comply with 28 U.S.C. § 1746 and cannot support Plaintiffs' claims for excessive force, failure to intervene, or municipal liability.

An unsworn declaration may be used as evidence only if it is subscribed "as true under penalty of perjury, and dated, in substantially the following form . . . *'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'.*" 28 U.S.C.A. § 1746 (West 1976) (emphasis added).

Because Harris' affidavit was neither sworn nor subscribed pursuant to § 1746, the Court properly disregards it as an "unsworn statement." *See Hart v. Lutz*, 102 Fed.Appx 10, 13 (6th Cir. 2004) (affirming district court's order granting summary judgment and holding that the Court properly disregarded as "unsworn statements" two affidavits that were "not sworn or otherwise subscribed pursuant to 28 U.S.C. § 1746.").

Moreover, Defendants' expert, Dr. Jerome Eck ("Eck") from Eck Engineering, LLC determined there was no contact between the Camaro and the scout car. Eck conducted an accident site inspection on August 24, 2018, using the following information (1) aerial imagery of the accident site; (2) performance data for the 2010 Camaro; (3) State of Michigan Traffic Crash report; (4) Camaro's air bag control module; and (5) footage from a business's surveillance video located on the northeast corner of Nottingham and Warren. Eck found:

> (1) The driver of the Camaro was traveling at a high rate of speed as he crossed Warren intersection; (2) The driver was unable to keep the Camaro on Nottingham and the vehicle exited the west side of the roadway in less than two seconds after crossing the Warren intersection; (3) The DPD scout car was traveling over seven seconds behind the Camaro, as it crossed the Warren intersection; (4) the Camaro did not leave Nottingham because of any contact with the scout car.

(ECF No.27-9, PageID.466).

Fultz, Patterson, and Billingslea's sworn, unrebutted testimony that they did not contact the Camaro and Eck's findings, together make clear there is no genuine issue of material fact: there was no contact between the scout car and the Camaro.

### 1. Excessive Force

Plaintiffs also try to use Harris' unsworn affidavit to buttress their claim that the officers used unreasonable, excessive force when they hit the Camaro in a residential neighborhood causing it to crash.

Plaintiffs say the Fourth Amendment protects them from unlawful seizure, unnecessary force, unreasonable force, and excessive force. Under the Fourteenth Amendment Due Process Clause, Plaintiffs say they have a clearly established right to liberty which includes their right to personal safety and bodily integrity; they say the officers' actions "shocks

the conscience" and deprive them of these constitutional rights. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 854-55 (1998) (granting summary judgment and holding that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment . . ." the officer's conduct may offend tort law reasonableness, but it did not "shock the conscience").

Defendants contend that the officers did not use excessive force because the scout car never contacted the Camaro or Plaintiffs. Defendants say Plaintiffs' allegations only amount to negligence or gross negligence.

The Supreme Court held that allegations of an officer's use of excessive force in "an arrest, investigatory stop, or other seizure" must be analyzed under the Fourth Amendment's reasonableness standard, as opposed to the substantive due process standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

Plaintiffs cite to case law stating "[e]ven if the plaintiff may not have been the actual target of the arrest, the rule is not diminished—Fourth Amendment analysis still governs." *Dismukes v. Hackathorn*, 802 F. Supp. 1442, 1449 (N.D. Miss. 1992) (citing *Roach v. City of Fredericktown*, 882

F.2d 294, 297 (8th Cir. 1989)); *see also Teames v. Henry*, No. 03-1236H, 2004 WL 2186549, at *6 (N.D. Tex. Sept. 29, 2004) ("A bystander's right to be free from a law enforcement officer's use of excessive force springs from the unreasonable seizure clause of the Fourth Amendment or from the due process clause of the Fourteenth Amendment.").

However, Plaintiffs do not direct the Court to case law showing a high-speed car chase translates into a seizure of a suspect, let alone a seizure of third-party bystanders. To the contrary, the Sixth Circuit held that an "officer's pursuit cannot constitute a seizure . . . ." *Jones v. Sherill*, 827 F.2d 1102, 1104-05 (6th Cir. 1987). In *Jones*, the Court found no Fourth Amendment violation when an officer unintentionally injured a bystander while pursuing a suspect in a high-speed chase. *Id.*

Plaintiffs unsuccessfully attempt to distinguish their case from *Jones* by arguing the officers here *intentionally* used deadly force by "ramming" the Camaro (emphasis added). This argument is without merit because Plaintiffs do not rebut defense evidence that contact never occurred.

Moreover, the Supreme Court found no Fourth Amendment violation even when officers terminate a dangerous high-speed chase by contacting a fleeing vehicle and in turn threatening third-party bystanders. *Plumhoff v.*

11

*Rickard*, 572 U.S. 765, 776 (2012) (quoting *Scott*, 550 U.S. at 386 (granting summary judgment because the officer's attempt to terminate the car chase by forcing the suspect off the road was reasonable when the suspect initiated a car chase and posed a substantial risk of injury to the public)).

There is no genuine issue of material fact; Plaintiffs fail to support their claim that Defendants used excessive force; no Fourth or Fourteenth Amendment violations occurred.

### 2. Fourth Amendment Failure to Intervene

Plaintiffs allege that Fultz and Patterson failed to intervene when Billingslea used excessive force as he followed the Camaro in a residential area at high speeds and crashed into it.

Defendants argue: (1) there was no duty to intervene because there was no constitutional violation; and (2) at worse, Fultz and Patterson's failure to stop Billingslea from using excessive force amount to negligence or gross negligence.

Police officers are liable for failing to prevent the use of excessive force when: (1) the officer observed or had reason to know that excessive force would be or was being used; and (2) the officer had both the

opportunity and the means to prevent the harm from occurring. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

Since Plaintiffs fail to establish a constitutional violation occurred; i.e., no seizure in the first place, they cannot sustain a Fourth Amendment claim for excessive force and cannot satisfy the first element of their failure to intervene claim.

### 3. *Monell* Claim for Municipal Liability

Plaintiffs bring a § 1983 *Monell* claim for municipal liability against the City of Detroit. Plaintiffs allege that the City had an obligation to: (1) train police officers on citizens' constitutional rights to due process; (2) supervise police officers to ensure that the constitutional rights of citizens were not violated; and (3) train police officers on proper dealings with individuals during car pursuits. Plaintiffs say the City failed to meet these obligations and had a custom or policy to act with deliberate indifference and violate the constitutional rights of Detroit citizens.

To sustain a § 1983 *Monell* claim against the City, Plaintiffs must show (1) they suffered a constitutional violation, and (2) a municipal policy or custom directly caused the violation. *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc Servs. of N.Y.C.*, 436

U.S. 658, 690-92 (1978), *rev'd* 523 F.2d 259 (2d Cir. 1976)). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691.

The City is liable if its failure to train reflects "deliberate indifference" to a citizen's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to show deliberate indifference. *Bd. of Cty. Comm'r of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997). Courts imposing municipal liability must focus on the adequacy of a training program, opposed to a badly trained officer. *Canton*, 489 U.S. at 390-91.

Plaintiffs rely on Harris' unsworn and unnotarized affidavit to suggest that the officers violated their constitutional right to due process of law. As previously stated, the Court disregards the affidavit as an "unsworn statement." *Hart*, 102 Fed.Appx at 13. Without this affidavit Plaintiffs fail to establish a constitutional violation and cannot support their *Monell* claim for municipal liability.

## C. Plaintiffs Abandon Supervisory Liability Claim

Supervisory liability claims must show "a supervisory official's failure to supervise, control or train the offending individual . . . 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir.1982)). Under § 1983, neither mere negligence nor respondeat superior can be the basis for supervisory liability claims. *See McQueen v. Beecher Cmty, Sch.*, 433 F.3d 460, 470 (6th Cir. 2006).

Plaintiffs argue that Defendant, John Doe Supervisors 1-10 are liable under § 1983 for their failure to train, instruct, supervise, or discipline the DPD officers. Plaintiffs say these failures caused untimely deaths, injuries, and damages.

Defendants argue that none of alleged supervisors was named or served with the lawsuit and any claims against them are now barred by the statute of limitations. Defendants also contend that Plaintiffs present no evidence that the supervisors encouraged the car chase or directly participated in it.

Plaintiffs appear to abandon their supervisory liability claim; they failed to respond to Defendants' argument. Plaintiffs do not provide sufficient evidence to show that the supervisors encouraged them to pursue the car chase or that the supervisors directly participated in the incident.

Fed. R. Civ. P. 56(e) states that the Court may grant summary judgment if "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . ." Rule 56(e) requires nonmoving parties to go beyond pleadings to show a genuine issue of material fact. *Celotex*, 477 U.S. at 324.

Given Plaintiffs' failing, the Court grants summary judgment on this claim.

### IV. CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Date: 7/29/19